CHARLES B. PARTRIDGE, Appellant, v. JOSEPH F. NEE, Respondent.— On March 1, 1927, the defendant, through his agent, Hinchel, sold a parcel of land in Northport, with a frontage of fifty-five feet, to Henry F. Richardson. The contract stated that the title of defendant to the premises was defective, and the vendor was given two years to furnish to the purchaser a title to the premises such as a guaranty company would approve and insure. The defect in the title was that a ten-foot strip used as a part of the property was owned by the husband of a former owner of the forty-five-foot strip, but used as a part of the same premises. Hinchel and defendant Nee saw the plaintiff, an attorney, in respect to the title and were advised that the former owner of the ten-foot strip had been dead for fifteen or twenty years, and the title was now in his heirs. He advised the purchase of the interest of one of the heirs and the bringing of a partition action to clear the title. This advice was rejected and Hinchel, with the aid of Partridge, undertook to get deeds from the heirs. They obtained title to thirty-one-thirty-sixths of the premises, but could go no further. These negotiations took more than two years; and there is no proof that there was any unwarranted delay during this period. Then in May, 1930, the attorney (the plaintiff here) prepared and had verified a complaint in a partition action. This action was not begun until about September 11, 1931. Before the action went to judgment, Richardson brought an action for rescission of the contract, in which he had judgment; and refused a tender of title deeds. At no time has the defendant paid the plaintiff anything for his legal services. When the partition action was completed the plaintiff advanced the money to pay the expenses on the closing and for obtaining the referee's deed, and defendant never repaid it. The plaintiff brought suit to recover the amount of such payment, and defendant set up in his answer a counterclaim demanding judgment for the negligence of the plaintiff for his alleged delay in getting title. On a trial before the court without a jury, the defendant had judgment on his counterclaim. No formal findings were made; but it is evident that the trial justice considered, as one element of damage, the period of time of about two years that was taken in obtaining deeds. We think this was error. Judgment reversed on the law and the facts and a new trial granted, with costs to appellant to abide the event. Lazansky, P. J., Carswell, Davis, Adel and Close, JJ., concur.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH COMPERIATI, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Brooklyn, convicting the defendant of a violation of section 974 of the Penal Law, relating to the game of policy, unanimously affirmed. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Davis and Close, JJ.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN CORSON, Appellant.— Judgment of the Court of Special Sessions of the City of New York, Borough of Richmond, convicting the defendant of a violation of section 483 of the Penal Law (impairing the morals of a minor), unanimously affirmed. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.